[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
FINDINGS OF FACT
1. Coastline Construction Corp. (Coastline) the general contractor entered into a contract with the State of Connecticut Department of Transportation (DOT) for rehabilitation of Route 159 in Windsor, Connecticut, under DOT project no. 165-285.
2. To facilitate performance of its contract with DOT, Coastline entered into a subcontract with the plaintiff, Sales Construction Co., Inc. (Sales) under which Sales agreed to provide certain services and materials.
3. Some time subsequent to the commencement of this action Mr. Sales sold some assets of his company and the company name to an unrelated third party. The name Sales Construction Co., Inc. was changed to Sales Corporation. Sales Corporation maintained the same tax I.D. number and the same bank accounts.
4. The contract between Coastline and the State contained item no. 406999A, an asphalt adjustment clause which provided that the price paid by the State to Coastline could be adjusted up or down depending on the cost of petroleum products used to manufacture asphalt.
5. The written agreement between Sales and Coastline is contained in State Form CLA-12 REV. 8/96. This agreement was signed by the parties and approved by the State of Connecticut on June 30, 1998.
6. The CLA-12 itemizes six items giving quantities and unit prices for each of those items.
7. The asphalt adjustment cost item no. 406999A is not among the items referred to on the CLA-12. CT Page 4215
8. At the conclusion of the project Coastline was indebted to Sales in the amount of $16,264.00 subject to any appropriate downward adjustment.
9. National Grange Mutual Insurance Company had issued bond no. 5-217068 which committed it to satisfy any legitimate construction balance owed by Coastline to Sales.
10. Coastline made claims for reductions in amount due for counterclaims in favor of Coastline totaling $22,127.65.
11. These claims as itemized in defendant's Exhibit D are as follows:
a. Asphalt adjustment $7,387.23;
b. Core drill repair to manhole $2,687.20;
c. Repair to entrance at nursing home $1,215.67;
d. Concrete handicap ramp $4,114.89;
e. Cost of removing items 3 and 4 from punch list $4,800.00;
f. Fifteen percent Coastline Construction overhead on a through d is $1,922.66.
 CONCLUSIONS OF LAW
1. The court concludes that the asphalt adjustment, item a on Exhibit D, while binding between the State and Coastline, was not in the agreement between Coastline and Sales so that there is no right to an asphalt adjustment against Sales.
2. The court finds that Sales was responsible to repair the sewer manhole, item b, and finds the reasonable cost of that repair to be Desell Construction LLC — $575.00; traffic control — $360.00; highway signs — $250.00; total repair costs allowed — $1,385.00.
3. The court finds that item c was an extra and that Sales has no responsibility for this item.
4. As to item d, the court finds that while Coastline in fact made efforts and incurred overhead costs to eliminate punch list items 3 and 4, there is no evidence these efforts were requested by Sales and Sales has no liability for these costs. CT Page 4216
5. Coastline has offered no theory which would entitle it to its claim for fifteen percent overhead. In addition, it would not be entitled under any circumstances to overhead on claims that were disallowed.
6. The court finds the balance owed to Sales to be $16,264.00 minus $1,385.00 for a net principle balance owed of $14,879.00.
7. The court finds that there is subject matter jurisdiction. While Sales Construction Company, Inc. sold assets and changed its name, no new corporation was formed. The receivable which is the subject matter of the suit and the liabilities which are claimed were both retained by Sales Corporation.
8. National Grange Mutual Insurance Company claims in its brief that Sales failed to give the required 180 days notice set forth in Section 49-42. It does not appear that this defense, in the nature of the statute of limitations, was pled. Equally important, while the court agrees that notice was not given until April 26, 2000, the combination of retainages, repairs and the dispute concerning the asphalt adjustment make it impossible to determine the date upon which the 180-day period would begin to run. Section 49-42 requires notice within 180 days of "the applicable payment date provided for in Section (a) of Section 49-41 (a). The payment in dispute appears to have been included on a requisition or estimate. Under these circumstances, Section 49-41a provides that the contractor, within 30 days after payment to the contractor by the State, shall pay the amount due to a subcontractor. It is not clear when the State paid Coastline for the work in question and it is clear that the State never paid Coastline for the asphalt adjustment.
9. No evidence of legal fees was presented from which the court could determine an appropriate legal fee for either party in the event that either party were entitled to legal fees.
10. Because the court could not determine the appropriate pay date from the evidence before it, interest awarded shall run from the date of the notice to the bonding company on April 26, 2000.
 JUDGMENT
Judgment is entered in favor of the plaintiff jointly and severally against Coastline Construction and National Grange Mutual Insurance Company in the amount of $14,879.00 together with interest in accordance with Conn. Gen. Stat. §§ 37a-3a and 49-42 (a) at 10 percent per annum beginning on April 26, 2000 through the date of this judgment. No legal CT Page 4217 fees are awarded to either party.
 BY THE COURT Kevin E. Booth, J.
CT Page 4218